IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-271-D

| | |
|---|---|
| RANDY N. BINDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-22 & 24). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-26). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income on April 22, 2008, alleging disability beginning September 1, 1997. (Tr. 11). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated October 12, 2010. *Id.* at 11-20. The Social

Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on March 19, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on June 12, 2012.[1] (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

---

[1] Plaintiff's motion to proceed *in forma pauperis* and a proposed complaint were filed on May 16, 2012. (DE-1).

2

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**<u>Analysis</u>**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 22, 2008. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) stomach problems; 2) social phobia; 3) dysthemia; and 4) mixed personality disorder with dependent and avoidant features. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id*. at 21-22. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the necessity to have access to the bathroom/toilet facilities in the work environment; he is capable of concentration, persistence and pace in work tasks on at least a simple level but most probably a higher level; he is capable of performing tasks that range from at least 3-4 in terms of reasoning level; and he would not do well socially and should not work with the public and have limited exposure to co-workers and supervisors, dealing acceptably in a limited environment of only 2-3 people for the most part.
>
> *Id.* at 14.

The ALJ then determined that Plaintiff had no past relevant work. *Id*. at 19. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 19-20. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from April 22, 2008 through October 12, 2010. *Id*. at 20. The undersigned recommends remand for a number of reasons which shall now be discussed in turn.

**The ALJ's RFC finding requires clarification**

In assessing Plaintiff's RFC, the ALJ determined that Plaintiff required "access to the bathroom/toilet facilities in the work environment." (Tr. 14). When an ALJ finds that a claimant has an impairment that requires him to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of Plaintiff's bathroom usage. Taylor v. Astrue, 2012 WL 3637254, * 11 (E.D.N.C. August 1, 2102)(*Citing*, Davis v. Comm'r. of Soc.Sec., 2011 WL 442118, *1 (N.D.W.Va. February 2, 2011). Because the ALJ did not do so here, the undersigned cannot determine whether the ALJ's findings—particularly his step five finding—were supported by substantial evidence. *Id*.

**The ALJ misstates the record and makes findings not supported by substantial evidence**

During his analysis, the ALJ states: "[i]t . . . appears that the claimant sought medical treatment for his alleged stomach problems only to 'build up' his case for disability purposes . . . [Plaintiff] has not been seen by a GI specialist." (Tr. 17). The undersigned questions how the ALJ determined that Plaintiff was not legitimately seeking medical care[2], and, moreover, how one avoids a slippery slope with this line of analysis. To extent the ALJ found that Plaintiff sought treatment solely for the purposes of "building up" a disability case, that finding is not supported by substantial evidence. The record clearly indicates that Plaintiff sought treatment for legitimate health problems. For example, Dr. Robert Pyle stated on June 30, 2009 that Plaintiff's allegations of intestinal problems were credible. *Id.* at 429. Furthermore, the ALJ's statement that Plaintiff was not "seen" by a gastrointestinal specialist misstates the record. Plaintiff filed his application for benefits on April 22, 2008. *Id*. at 11. The record indicates that

---

2 The ALJ made a similar finding with regard to Plaintiff's social phobia, stating "it is significant to note, yet again, that the claimant did not seek treatment for this problem until after he filed his application for benefits and it again appears that he sought treatment only to 'build up' his case for disability benefits." (Tr. 18).

5

Plaintiff underwent an upper endoscopy at Carolina Gastroenterology Endoscopy Center on May 9, 2008. *Id.* at 337-344. These improper findings and misstatements of the record require remand.

**The ALJ failed to address the favorable disability determination of another agency**

On April 21, 2010, the North Carolina Department of Health and Human Services applied federal Social Security regulations and determined that Plaintiff was disabled as of May, 2009. *Id*. at 79. The ALJ failed to mention this decision. Such decisions should addressed by an ALJ, and failure to do so is not harmless error. *See*, Bird v. Comm'r. of Soc.Sec., 699 F.3d 337, 343 (4th Cir. 2012)(under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered); Suggs v. Astrue, 2013 WL 466406, * 3-4 (E.D.N.C. February 7, 2013)(failure of ALJ to discuss favorable disability determination of another agency is not harmless error). The ALJ's failure to discuss this disability determination requires remand.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 21, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE